UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| T.J. RUSSELL, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   Case No. 4:19-CV-01046-NCC |
| | ) |
| DORIS FALKENRATH,[1] | ) |
| | ) |
|     Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1). Respondent has filed a response (Doc. 13). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) (Doc. 11). After reviewing the case, the Court has determined that Petitioner is not entitled to relief. As a result, the Court will **DENY** the Petition and **DISMISS** the case.

### I. PROCEDURAL HISTORY

On April 2, 2014, Petitioner was found guilty by a jury in the Circuit Court of the City of St. Louis, Missouri of first-degree murder (Count I) and armed criminal action (Count II) (Doc. 13-2 at 57-58, 63-65). On May 2, 2014, the Circuit Court sentenced Petitioner to life without parole in the Missouri Department of Corrections (*id.* at 63-65). Petitioner appealed the judgment, raising two claims:

---

[1] Petitioner is currently incarcerated at Jefferson City Correctional Center in Jefferson City, Missouri. *See Missouri Dept' Corr. Offender Search*, https://web.mo.gov/doc/offSearchWeb/offenderInfoAction.do (last visited September 7, 2022). Doris Falkenrath is the Warden. Therefore, Doris Falkenrath should be substituted as the proper party respondent. *See* 28 U.S.C. § 2254, Rule 2(a).

> (1) The trial court erred and abused its discretion in admitting the identification testimony of Ms. Otey, Mr. Fox, and Mr. Johnson into evidence … because these witnesses' purported identifications of Mr. Russell were not reliable, in that each witness at the time of the shooting was in a drug-induced stupor, each had given inconsistent versions of the events of the night of the shooting, and each had not known Mr. Russell before that night and were provided with Mr. Russell's identity and a distinguishing physical characteristic (*i.e.*, at [sic] tattoo under his eye) prior to the time that each picked Mr. Russell out of a photo lineup.
>
> (2) The trial court plainly erred in allowing the prosecutor, in closing argument, to define "deliberation" or to instruct jurors that "pulling a gun out of a waistband is deliberation on its own" and that "deliberation" is simply a "conscious decision," … because the prosecutor's definition and explanation, under the facts of this case and in the context of her other statements, had the effect of misleading the jury and of decisively affecting their verdict related to the element of "deliberation."

(Doc. 13-3). On June 9, 2015, the Missouri Court of Appeals for the Eastern District affirmed Petitioner's conviction and sentence on direct appeal (Doc. 13-5; *State v. Russell*, 462 S.W.3d 878 (Mo. Ct. App. 2015)). The Missouri Court of Appeals' Mandate issued on July 6, 2015.

Petitioner filed a *pro se* motion for post-conviction relief on July 23, 2015 raising three claims (Doc. 13-6 at 9-25). On April 18, 2016, counsel filed an amended motion for post-conviction relief on Petitioner's behalf raising five claims (and incorporating the claims raised in Petitioner's *pro se* motion):

> (1) Trial counsel unreasonably failed to endorse and call alibi witness Theresa Young to testify at Movant's trial.
>
> (2) Trial counsel unreasonably failed to endorse and call alibi witness Meschella Brown to testify at Movant's trial.
>
> (3) Trial counsel unreasonably failed to endorse and call alibi witness Keith Brown to testify at Movant's trial.
>
> (4) Appellate counsel unreasonably failed to assert on appeal that insufficient evidence existed to convict Movant of murder in the first degree because there had not been a showing of deliberation.
>
> (5) Movant was deprived of due process … in that he was denied adequate allocution as required by Rule 29.07.

(*id.* at 31-51). After an evidentiary hearing, the motion court denied Petitioner's amended motion (*id.* at 52-62). On September 11, 2018, the Missouri Court of Appeals for the Eastern District affirmed the motion court's denial of the motion (Doc. 13-10; *Russell v. State*, 557 S.W.3d 523 (Mo. Ct. App. 2018)). The Missouri Court of Appeals' Mandate issued on October 5, 2018.

On April 29, 2019, Petitioner filed his Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody raising three grounds (Doc. 1). The first two grounds are the two claims raised in his direct appeal (*id.* at 5-6). The remaining ground is a combination of claims 1-3 raised in his post-conviction case (*id.* at 7; Doc. 1-1 at 1).

## II.  DISCUSSION

In the habeas setting, a federal court is bound by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, to exercise only "limited and deferential review" of underlying state court decisions. *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003). Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it

3

unreasonably to the facts of a particular prisoner's case." *Id.* at 407-08. Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. § 2254(e)(1); *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004).

    **A. Direct Appeal Claims**

        **i. Trial Court Error in Admitting Identification Testimony (Ground One)**

In Ground One, Petitioner argues, as in his direct appeal, that the trial court erred and abused its discretion in admitting the identification testimony of state witnesses (Ms. Otey, Mr. Fox, and Mr. Johnson)[2] into evidence (Doc. 1 at 5; Doc. 13-3 at 14). As a threshold matter, Petitioner pursued two theories on direct appeal: (1) that the unreliable identification testimony violated his right to due process of law and (2) that the prejudice to Petitioner outweighed the identifications' probative value (Doc. 13-3 at 16-23; Doc. 13-5 at 5). Respondent argues that the second theory is not cognizable and procedurally defaulted (Doc. 13 at 4). The Court agrees.

Whether the prejudice of certain evidence outweighs its probative value is a question of state law that is generally not cognizable on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Parker v. Bowersox*, 94 F.3d 458, 460 (8th Cir. 1996) ("A state court's evidentiary rulings can form the basis for federal habeas relief under the due process clause only when they were so conspicuously prejudicial or of such magnitude as to fatally infect the trial and deprive the defendant of due process."); *King v. Roper*, No. 4:04 CV 1672 CDP/MLM, 2005 WL 1518291, at *15 (E.D. Mo. June 24, 2005) ("Because the admission

---

[2] In his Petition, Petitioner does not identify the "state witnesses" to whom he is referring (Docs. 1, 1-1). Because Ground One mirrors the claim raised in his direct appeal, the Court will assume he is referring to Ms. Otey, Mr. Fox, and Mr. Johnson.

4

or exclusion of evidence is primarily a question of state law, an evidentiary determination rarely gives rise to a federal question reviewable in a habeas petition.") (citing *Scott v. Jones*, 915 F.2d 1188, 1190-91 (8th Cir. 1990)).  Even if it were cognizable, the Missouri Court of Appeals found that the second theory was never raised in the trial court and reviewed the claim for plain error (Doc. 13-5 at 5).  Therefore, the second theory is procedurally defaulted.  *See Clark v. Bertsch*, 780 F.3d 873, 874 (8th Cir. 2015).  Petitioner does not allege sufficient cause and prejudice to excuse the default (Docs. 1, 1-1).

Turning to the first theory, Petitioner did not argue in his direct appeal that the identifications were impermissibly suggestive (Doc. 13-3 at 16-23; Doc. 13-5 at 6).  Petitioner similarly failed to raise suggestiveness at the trial level.  *See* Doc. 13-5 ("At trial, defense counsel stated that the procedures were suggestive but nothing more.").  The Missouri Court of Appeals discussed *Manson v. Brathwaite*, 432 U.S. 98 (1977), and *Perry v. New Hampshire*, 565 U.S. 228 (2012), in which the United States Supreme Court declined to require examination of the reliability of eyewitness identifications in the absence of suggestive police procedures (Doc. 13-5 at 6-7).  Accordingly, the court held that "[b]ecause Defendant failed to show police misconduct in the identification process, Defendant's due process argument fails" (*id.* at 8).

Respondent argues that Petitioner fails to state a claim under *Manson* and *Perry* (Doc. 13 at 4).  The Court agrees.  The Missouri Court of Appeals reasonably applied *Manson* and *Perry* in deciding Petitioner's claim.  *See also United States v. Shumpert*, 889 F.3d 488, 490-91 (8th Cir. 2018) (the admissibility of identification evidence is governed by a two-step analysis and the first step is to determine whether the procedure was impermissibly suggestive); *Robertson v. Miles*, 2018 WL 3722314, at *10 (D. Minn. July 6, 2018), *report and recommendation adopted*, No. CV 17-4277(JRT/HB), 2018 WL 3717019 (D. Minn. Aug. 3, 2018) (denying due process

habeas claim and finding state court decision did not violate AEDPA where Petitioner did not challenge the nature of the identification procedure itself as suggestive). Ground One is denied.

### ii. Trial Court Error in Allowing the Prosecutor in Closing Argument to Define "Deliberation" (Ground Two)

In Ground Two, Petitioner argues, as in his direct appeal, that the trial court erred in allowing the prosecutor in closing argument to define "deliberation" (Doc. 1 at 6; Doc. 13-3 at 24). Respondent argues that the claim is procedurally defaulted because Petitioner failed to present the claim to the trial court and the appellate court reviewed it only for plain error (Doc. 13 at 5). The Court agrees.

As Petitioner acknowledged in his direct appeal, the claim was not properly preserved for appellate review (Doc. 13-3 at 24-25). As a result, the Missouri Court of Appeals reviewed the claim for plain error (Doc. 13-5 at 10-12). "[A] federal habeas court cannot reach an otherwise unpreserved and procedurally defaulted claim merely because a reviewing state court analyzed that claim for plain error." *Clark v. Bertsch*, 780 F.3d 873, 874 (8th Cir. 2015) (resolving intra-circuit split in favor of the holding in *Hayes v. Lockhart*, 766 F.2d 1247 (8th Cir. 1985)); *see also Cooper v. Steele*, No. 4:13CV01610 PLC, 2017 WL 2132370, at *13–14 (E.D. Mo. May 17, 2017) (applying *Clark* to plain-error review by the Missouri Court of Appeals). Therefore, Ground Two is procedurally defaulted. Petitioner does not allege sufficient cause and prejudice to excuse the default (Docs. 1, 1-1). Ground Two is denied.

### B. Post-Conviction Claims

### i. Trial Counsel's Failure to Call Alibi Witnesses (Ground Three)

In Ground Three, Petitioner argues, as in his amended motion for post-conviction relief, that trial counsel was ineffective for failing to call Theresa Young, Meschella Brown, and Keith Brown as alibi witnesses on his behalf (Doc. 1 at 7; Doc. 1-1 at 1; Doc. 13-6 at 31-51).

6

Petitioner only appealed the motion court's denial of his claim as to Meschella Brown (Doc. 13-8).³ Therefore, Petitioner's claim as to Theresa Young and Keith Brown is procedurally defaulted. *See Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012) (claims must be raised through post-conviction appeal). Petitioner does not allege sufficient cause and prejudice to excuse the default (Doc. 1, 1-1).

Petitioner and his girlfriend Theresa Young were living with Petitioner's mother Meschella Brown at the time of the murder (Doc. 13-7 at 14, 21). At the post-conviction evidentiary hearing, when asked if Petitioner had been with her around 9:00 p.m. when the shooting occurred, Brown testified "I can't recall but I believe he was there at the house" (*id.* at 17-18). Petitioner's trial counsel testified that her investigator spoke with Brown and Young and that they could not provide sufficient detail or specifics or say with certainty that Petitioner had been home at the time of the shooting (*id.* at 21). Trial counsel believed putting on a weak alibi defense would be harmful (*id.* at 22).

The motion court found that trial counsel articulated a valid strategic reason for not calling Brown and that it was clear from Brown's testimony she could not have provided sufficient specific information to support an alibi (Doc. 13-6 at 59). The Missouri Court of Appeals affirmed (Doc. 13-10). The court found that trial counsel's decision after investigation not to call Brown was reasonable trial strategy, and deferred to the motion court's determination that Brown's testimony would not have provided an alibi (*id.* at 7). The court further found there was no prejudice (*id.* at 7-8).

To succeed on an ineffective assistance of counsel claim, Petitioner must show 1) that counsel failed to exercise the level of skill and diligence that a reasonably competent attorney

---

³ Theresa Young and Keith Brown were not produced as witnesses at the post-conviction evidentiary hearing (Doc. 13-7).

7

would exercise in a similar situation, and 2) that Petitioner was prejudiced by counsel's failure. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. To prove prejudice, Petitioner must show there was a reasonable probability that, but for trial counsel's errors, the result of the proceeding would have been different. *Id.* at 694. Federal habeas under AEDPA provides "doubly" deferential review of ineffective assistance claims which were decided in state court. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (internal citations omitted).

The Court agrees that trial counsel's decision not to call Brown was reasonable. Given that trial counsel investigated Brown, determined Brown could not provide sufficient detail or specifics or say with certainty that Petitioner had been home at the time of the shooting (consistent with her testimony at the evidentiary hearing), and made a considered decision not to pursue what she viewed as a weak and harmful alibi defense, Petitioner cannot overcome the strong presumption that counsel acted reasonably, especially under the doubly deferential standard of AEDPA. The Missouri Court of Appeals' decision was not contrary to, or an unreasonable application of, clearly established federal law, as determined in *Strickland v. Washington*. Ground Three is denied.

### III.  CONCLUSION

For the reasons stated above, the Court finds that Petitioner is not entitled to federal habeas relief. Furthermore, Petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Khaimov v. Crist*,

297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted).  Thus, the Court will not issue a certificate of appealability.  28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED** and this case is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability will not be issued.  28 U.S.C. § 2253.

A separate Judgment shall be entered in accordance with this Memorandum and Order.

Dated this 7th day of September, 2022.

      /s/ Noelle C. Collins  
NOELLE C. COLLINS  
UNITED STATES MAGISTRATE JUDGE

9